IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAYLA SCHRADER, as mother and next friend of JOHN DOE, a minor,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE COMPANY, INC., a company doing business in the State of Oklahoma,<br><br>Defendant. | Case No. CIV-08-595-D |

**O R D E R**

Before the Court is Plaintiff's Motion to Remand Back to State Court for Lack of Subject Matter Jurisdiction [Doc. No. 9]. Defendant has timely opposed the motion, which is at issue.

This diversity case concerns Defendant's alleged breach of an insurance contract by not paying the full amount of the medical bills submitted and Defendant's alleged breach of its duty of good faith and fair dealing. Plaintiff filed a state court petition that seeks unspecified damages in contract and tort. By her Motion, Plaintiff challenges whether Defendant properly removed the action to federal court. In particular, Plaintiff asserts that Defendant has not shown the amount in controversy exceeds $75,000.00 as required for subject matter jurisdiction under 28 U.S.C. § 1332(a).[1]

The amount in controversy in a removed case is determined by the allegations of the state court pleading and, where they are not dispositive, by allegations in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Here, Defendant has supplied few additional

---

[1] Section 1332(a) gives federal district courts original jurisdiction of civil actions in which the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

facts in its Notice of Removal, alleging that the case concerns alleged breaches of its duties under the medical payments provision of an automobile insurance contract with a $5,000 limit. Defendant argues that more than $75,000 is in controversy, however, because Plaintiff also seeks a tort recovery that may include punitive damages available under Okla. Stat. tit. 23, § 9.1(B), which authorizes an award in an amount up to $100,000.[2]

The court of appeals recently addressed the proof needed to establish the requisite amount in controversy in a removed case. "[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it possible that $75,000 was in play." *McPhail v. Deere & Co.*, No. 07-6142, 2008 WL 2514157, *6 (10th Cir. June 25, 2008) (to be published). "[O]nce those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id*. A defendant's proof may be presented, as here, by estimating potential damages from the allegations of the plaintiff's pleading. *See id*. 2008 WL 2514157 at *7.

In determining whether the amount-in-controversy requirement is met, the Court must examine Plaintiff's allegations and decide whether it appears "to a legal certainty that [Plaintiff] cannot recover at least [$75,000.]" *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994). Here, despite the modest amount of contractual damages, Plaintiff has included in her Petition a prayer for compensatory damages in excess of $10,000 on her claims, plus punitive damages and attorney fees. In view of this prayer for relief, and the possibility of punitive damages that may be awarded under

---

[2] *Curiously, Defendant purports to quote Plaintiff's Petition but sets forth a paragraph that does not appear in the pleading attached as Exhibit 1 to the Notice. See Notice of Removal, ¶ 8 & Ex.1, Petition ¶ 4. Thus, the Court has disregarded this alleged paragraph.*

Section 9.1(B), the Court cannot say with legal certainty that Plaintiff cannot recover damages in excess of $75,000. Therefore, the Court has subject matter jurisdiction of this case, and Defendant is entitled to stay in federal court.

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand Back to State Court is DENIED.

    IT IS SO ORDERED this 7th day of July, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE